Thomason v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-175-CR

     JOHN MICHAEL THOMASON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 263rd District Court
Harris County, Texas
Trial Court # 617,271
                                                                                                    

O P I N I O N
                                                                                                    

      In this case the Appellant John Michael Thomason, after pleading no contest, was convicted
of the offense of aggravated assault. See Tex. Penal Code Ann. Article 22.02(a)(1) and Article
1.07(a)(34). Punishment was assessed by the trial court at ten (10) years in the Texas Department
of Criminal Justice, Institutional Division. Notice of appeal was timely filed. 
      Counsel on appeal has filed an Anders brief. See Anders v. California, 386 U.S. 739, 87 S.
Ct. 1396, 18 L.Ed.2d 493 (1967). Our Court of Criminal Appeals has adopted the holding in
Anders. Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). In Anders the United
States Supreme Court held:
 
The constitutional requirement of substantial equality and fair process can only be
attained where counsel acts in the role of an active advocate in behalf of his client, as
opposed to that of amicus curiae . . . . His role as advocate requires that he support his
client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly
frivolous, after a conscientious examination of it, he should so advise the [appellate] court
and request permission to withdraw. That request must, however, be accompanied by a
brief referring to anything in the record that might arguably support the appeal. A copy
of counsel's brief should be furnished the indigent and time allowed him to raise any
points that he chooses; the court—not counsel—then proceeds, after a full examination
of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it
may grant counsel's request to withdraw and dismiss the appeal insofar as federal
requirements are concerned, or proceed to a decision on the merits, if the state law so
requires. On the other hand, if it finds any of the legal points arguable on their merits
(and therefore not frivolous) it must, prior to decision, afford the indigent the assistance
of counsel to argue the appeal.
Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d 493.
      After counsel files a proper Anders brief, the court of appeals must conduct its own review
of the record to ascertain if there are any arguable grounds for the appeal. Stafford, 813 S.W.2d
at 511. Counsel filed an Anders brief asserting that he had reviewed the entire appellate record
and, in his professional opinion, appeal of the judgment is frivolous and without merit. Counsel's
brief states that the indictment alleged all necessary elements of the charged offense. No motion
to quash the indictment was filed. The State made no plea-bargain agreement with Appellant. 
After Appellant's plea of no contest was entered, a finding of guilt was withheld and a presentence
investigation was completed.
      The record shows that Appellant waived his right to a jury trial, that he understood his rights,
that he had read and freely signed the instrument denominated "Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession" and had fully reviewed it with his attorney. He
further stated that he understood his rights and voluntarily waived them.
      The evidence was clearly sufficient to establish his guilt. The trial court informed Appellant
of the range of punishment for this offense.
      The punishment is within the range prescribed by law. Appellant admitted to a misdemeanor
record involving four prior convictions, namely, assault, reckless conduct, driving while
intoxicated, and possession of marihuana.
      Counsel served a copy of his brief upon Appellant and informed Appellant by letter that, in
counsel's view, the appeal is wholly without merit, that Appellant has the right to view the record
and file a pro se appellate brief should he so desire. Counsel further informed Appellant that the
court will be requested to make the record available to him, and to grant an extension of time for
filing of a pro se brief, if Appellant so desired. Appellant did not file a pro se brief.
      After a full examination of the entire proceeding, we conclude that an appeal is frivolous. See
Anders, 386 U.S. at 744, 87 S.Ct. at 1400. We affirm the trial court's judgment.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish